ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
P. GREG PARHAM
Assistant United States Attorney
California Bar Number 140310
    Federal Courthouse, 14th Floor
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6528
    Facsimile: (213) 894-7177
    E-mail: Greg.Parham@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    vs.<br><br>REAL PROPERTY LOCATED IN LAKE FOREST, CA, (H&H INVESTMENTS, LP),<br><br>    Defendant.<br><br>H&H INVESTMENTS, LP; REGINALD DE LA CUESTA GENERAL PARTNERSHIP,<br><br>    Claimants. | SA CV 11-01545 DOC(MLGX)<br><br>[~~PROPOSED~~]<br>CONSENT JUDGMENT OF FORFEITURE AS TO CLAIMANT H&H INVESTMENTS, LP ONLY<br>[This consent judgment is not case-dispositive but does resolve the claims of one claimant.] |

    This action was filed on October 6, 2011. Notice was given and published in accordance with law. Claimant and titleholder

1

H&H Investments, LP ("H&H") filed a claim and answer on November 23 and December 13, 2011, respectively. Claimant and lien holder Reginald De La Cuesta General Partnership ("De La Cuesta") filed a claim and answer on December 8, 2011. No other claims or answers have been filed, and the time for filing claims and answers has expired. Plaintiff United States of America ("the government") and H&H have reached an agreement that, without further litigation and without an admission of any wrongdoing, is dispositive of the government's claims against H&H's interest in this action, and hereby request that the Court enter this Consent Judgment of Forfeiture.

**WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:**

1. As used throughout, the following terms shall have the following meaning: (a) "defendant property" shall mean the defendant real property located on Raymond Way in Lake Forest, California; (b) "H&H property" shall mean any real property that H&H owns, maintains, controls, or manages, including, but not limited to, the defendant property; and (c) "illegal purpose" shall mean any purpose that furthers or facilitates the distribution or sale of marijuana in violation of federal law, including, but not limited to, renting space to a person or entity that sells or distributes marijuana or the renting of space to or permitting the continued tenancy of any person or entity that sells, distributes or facilitates the sale or distribution of marijuana.

2. This Court has jurisdiction over the parties to this judgment and the subject matter of this action.

3. On or about October 6, 2011, the government filed a Complaint for Forfeiture pursuant to 21 U.S.C. § 881(a)(7) against the defendant real property.

4. H&H filed a claim to the defendant property, answered the complaint and filed a timely demand for jury. De La Cuesta filed a claim and answer to the defendant property. No other claimant has appeared in this action.

5. Notice of this action has been given in accordance with law. No appearances having been made in this action by any person other than H&H and De La Cuesta, the Court deems that all other potential claimants admit the allegations of the Complaint to be true. The Complaint states a valid claim for relief pursuant to 21 U.S.C. § 881(a)(7).

6. H&H shall retain possession of and title to the defendant property and in consideration thereof H&H agrees to abide by the terms of this Agreement. H&H shall lawfully use and occupy the defendant property in accordance with the restrictions imposed by paragraph 7 below. If H&H fails to comply with any of the terms of paragraph 7, the defendant property shall be forfeited to the government pursuant to paragraph 8 below.

7. H&H shall not use or occupy the defendant property, nor shall it allow the defendant property to be used or occupied, for any illegal purpose. H&H shall take all reasonable precautions to prevent any destruction to or diminution in value of the defendant property and any fixtures thereto. H&H shall not knowingly rent, lease or otherwise allow the use or occupancy of any H&H property to (a) any former tenant who used

or occupied any H&H property for any illegal purpose; or (b) any person H&H has reason to believe may use or occupy the H&H property for any illegal purpose. H&H shall not knowingly allow any H&H property to be listed in any advertisement, publication, directory or internet site which advertises or indicates that marijuana is available at the location of the H&H property.[1]

    8. In the event that H&H fails to comply with any of the terms of paragraph 7 of this Consent Judgment during the four (4) year period following the entry of this judgment, H&H's interest in the defendant property shall be ordered condemned and forfeited to the United States. In the event of forfeiture, the Orange County Recorder shall index this Judgment in the grantor index under the name of H&H and in the grantee index in the name of the United States of America. If the government believes that H&H has failed to comply with any provision of paragraph 7, it shall provide written notice of such failure to H&H, describing the provision believed to have been violated. H&H shall have fifteen (15) days from its receipt of such notice to cure the violation. If the violation is not cured within the 15-day period, the government shall file a Notice of Non-Compliance and Forfeiture with the Court, setting out the violation and the failure of H&H to timely cure the violation. H&H shall have fifteen (15) court days from the filing of the Notice to seek relief from forfeiture. If such a motion is filed, the government shall take no further action until the motion has been determined. If no such motion is timely filed, the defendant property shall be forfeited to the United States

---

[1] The government and H&H are currently informed and believe that there is no location of any H&H property currently listed in any such publications.

on the sixteenth (16th) day after the filing of the Notice of Non-Compliance and Forfeiture, unless the Court orders otherwise. Upon forfeiture under the terms of this paragraph, the government shall have the right to take possession of the defendant property upon the filing of the above-referenced Notice without further order of the Court, and the United States Marshals Service, or its representatives, shall, without further order of the Court, proceed to take physical possession of the defendant property and its fixtures and may evict any and all persons, pets, livestock, and personal property from the defendant property as it deems necessary or appropriate. A "filed"-stamped copy of this Consent Judgment accompanied by a "filed"-stamped copy of a Notice of Noncompliance and Forfeiture and/or order of the Court, shall be sufficient to establish the forfeiture of the defendant property. In the event that the defendant property is forfeited to the government, H&H agrees that the United States Marshals Service may proceed to sell the defendant property. Thereafter, the United States Marshals Service, or its representatives, shall promptly proceed to dispose of the defendant property and to distribute any proceeds from the sale in accordance with the law.

9. Upon the filing of this Consent Judgment, the United States Marshals Service, or its representatives, shall be allowed to enter the defendant property for purposes of inspection and inventory. Such entry shall be permitted by H&H at a reasonable time to be agreed upon by the parties. Absent such agreement, the government may apply to the Court for a writ of entry, in connection with which H&H may request a hearing,

for purposes of protecting the government's interests in the defendant property.

10. H&H has agreed to forfeit all right, title and interest in the bank account funds in the amount of $136,686.32, seized from U.S. Bank Account number x xxx xxxx 9626, held in the name of H&H Investments LP, DBA Bell Tower Plaza, on or about October 5, 2011 (AFTRAK #95120002-01) ("bank funds"). H&H shall not challenge, or assist any other person or entity in falsely challenging, the administrative forfeiture of the seized bank funds, and shall withdraw any filed claim to such funds immediately. H&H has waived all constitutional and statutory challenges to forfeiture of the bank funds on any ground, including that the forfeiture constitutes an excessive fine or punishment.

11. H&H has released the United States of America, its agencies, agents, and officers, including without limitation employees and other representatives of the Drug Enforcement Administration and Internal Revenue Service, from any and all claims, defenses, actions, or liabilities arising out of or related to this action against the defendant real property, including, without limitation, any and all claims for attorneys' fees, costs, or interest which may be asserted by or on its behalf.

12. The Court finds that there was reasonable cause for the initiation of this action, and this Consent Judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

13. The parties shall each bear their own costs and attorneys' fees in this action.

14. The Court shall retain jurisdiction over this matter to enforce the provisions of this Consent Judgment.

Dated: *October 5*, 2012     */s/ Alaird C. Carter*

THE HONORABLE DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

**Approved as to form and content:**

DATED: February 10, 2012    ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

*/s/ P. Greg Parham*

STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
P. GREG PARHAM
Assistant United States Attorney

Attorneys for Plaintiff
United States of America

DATED: February 10, 2012

GARFIELD LANGMUIR-LOGAN
Attorney for Claimant
H&H Investments, LP

DATED: February 8, 2012

YOUSSEF IBRAHIM
H&H Investments, LP