JS-6

ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
P. GREG PARHAM
Assistant United States Attorney
California Bar Number 140310
   Federal Courthouse, 14th Floor
   312 North Spring Street
   Los Angeles, California 90012
   Telephone: (213) 894-6528
   Facsimile: (213) 894-7177
   E-mail: Greg.Parham@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) SA CV 11-01545 DOC(MLGX) |
| Plaintiff, | ) **CONSENT JUDGMENT OF FORFEITURE AS TO CLAIMANT DE LA CUESTA GENERAL PARTNERSHIP** |
| vs. | ) |
| REAL PROPERTY LOCATED IN LAKE FOREST, CA, (H&H INVESTMENTS, LP), | ) **[This consent judgment is case-dispositive and resolves all remaining claims in this action.]** |
| Defendant. | ) |
| H&H INVESTMENTS, LP; DE LA CUESTA GENERAL PARTNERSHIP, | ) |
| Claimants. | ) |

This action was filed on October 6, 2011.  Notice was given and published in accordance with law.  Claimant and titleholder H&H Investments, LP ("H&H") filed a claim and answer on November 23 and December 13, 2011, respectively.  Claimant and lien holder De La Cuesta General Partnership ("De La Cuesta") filed a claim and answer on December 8, 2011.  De La Cuesta holds a security interest in the defendant property pursuant to a deed of trust to secure an indebtedness in the original amount of $12,000,000.00 recorded on January 28, 2010 in the Orange County Recorder's Office as instrument no. 2010000045929 ("Deed of Trust").  On October 5, 2012, the court entered a consent judgment as to the interests of claimant H&H only.  No other claims or answers have been filed, and the time for filing claims and answers has expired.  Plaintiff United States of America ("the government") and De La Cuesta have reached an agreement that, without further litigation and without an admission of any wrongdoing, is dispositive of the government's claims against De La Cuesta's interest in this action, and hereby request that the Court enter this Consent Judgment of Forfeiture.

**WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:**

1. As used throughout, the following terms shall have the following meaning:  (a) "defendant property" shall mean the defendant real property located at 24602 Raymond Way in Lake Forest, California; and (c) "illegal purpose" shall mean any purpose that furthers or facilitates the distribution or sale of marijuana in violation of federal law, including, but not limited to, renting space to a person or entity that sells or

1  distributes marijuana or the renting of space to or permitting
2  the continued tenancy of any person or entity that sells,
3  distributes or facilitates the sale or distribution of
4  marijuana.
5     2.   This Court has jurisdiction over the parties to this
6  judgment and the subject matter of this action.
7     3.   On or about October 6, 2011, the government filed a
8  Complaint for Forfeiture pursuant to 21 U.S.C. § 881(a)(7)
9  against the defendant real property.
10    4.   H&H filed a claim to the defendant property, answered
11 the complaint and filed a timely demand for jury.  On February
12 10, 2012, the government lodged a partial consent judgment as to
13 the interests of claimant H&H only.  De La Cuesta filed a claim
14 and answer to the defendant property.  No other claimant has
15 appeared in this action.
16    5.   Notice of this action has been given in accordance
17 with law.  No appearances having been made in this action by any
18 person other than H&H and De La Cuesta, the Court deems that all
19 other potential claimants admit the allegations of the Complaint
20 to be true.  The Complaint states a valid claim for relief
21 pursuant to 21 U.S.C. § 881(a)(7).
22    6.   De La Cuesta shall retain its security interest in the
23 defendant property and in consideration thereof De La Cuesta
24 agrees to abide by the terms of this Agreement.  If De La Cuesta
25 becomes the owner of the defendant property, whether as a result
26 of foreclosure of the Deed of Trust or otherwise, De La Cuesta
27 shall lawfully use and occupy the defendant property in
28 accordance with the restrictions imposed by paragraph 7 below.

If De La Cuesta fails to comply with any of the terms of paragraph 7, De La Cuesta's interest in the defendant property shall be forfeited to the government pursuant to paragraph 8 below.

7.  In the event De La Cuesta becomes the owner of the defendant property, during the time it owns the defendant property, De La Cuesta:

   a.  shall not use or occupy the defendant property for any illegal purpose (as defined above), nor shall it knowingly allow the defendant property to be used or occupied for, or involved in, any illegal purpose.

   b.  shall take reasonable precautions to prevent any destruction to or diminution in value of the defendant property and any fixtures thereto resulting from any illegal purpose.

   c.  shall not knowingly rent, lease or otherwise allow the use or occupancy of the defendant property to (i) any former tenant of De La Cuesta who used or occupied the defendant property for any illegal purpose; or (ii) any person De La Cuesta has reason to believe may use or occupy the defendant property for any illegal purpose.

   d.  shall not knowingly allow the defendant property to be listed in any advertisement, publication, directory or internet site which advertises or indicates that marijuana is available at the location of the defendant property.

8.  In the event that De La Cuesta becomes the owner of the defendant property and fails to comply with any of the terms of paragraph 7 of this Consent Judgment during the four (4) year period following the entry of this judgment, the entirety of De

4

La Cuesta's interest in the defendant property shall be ordered condemned and forfeited to the United States, subject to the "notice" and "cure" provisions set forth below.  In the event of forfeiture, the Orange County Recorder shall index this Judgment in the grantor index under the name of the De La Cuesta General Partnership and in the grantee index in the name of the United States of America.  If the government believes that De La Cuesta has failed to comply with any provision of paragraph 7, it shall provide written notice of such failure to De La Cuesta (as well as its respective undersigned counsel), describing the provision believed to have been violated.  De La Cuesta shall have fifteen (15) days from its receipt of such notice to cure the violation, or in the event of a failure to comply that cannot be cured within the fifteen day period, initiate within that period steps sufficient to cure the failure in a reasonable period (e.g., initiation of an unlawful detainer action), and thereafter continue and complete all reasonable and necessary steps to produce compliance as soon as reasonably practicable.  If such actions to cure the violation are not taken, as required above, the government shall file a Notice of Non-Compliance and Forfeiture with the Court, setting out the violation and the failure of De La Cuesta to timely cure the violation.  De La Cuesta shall have fifteen (15) court days from the filing of the Notice to seek relief from forfeiture, wherein the moving party may argue, among other things, it is an "innocent owner" pursuant to 18 U.S.C. §983(d).  If such a motion is filed, the government shall take no further action until the motion has been determined.  If no such motion is timely filed, the

1  defendant property shall be forfeited to the United States on
2  the sixteenth (16th) day after the filing of the Notice of Non-
3  Compliance and Forfeiture, unless the Court orders otherwise.
4  Upon forfeiture under the terms of this paragraph, the
5  government shall have the right to take possession of the
6  defendant property upon the filing of the above-referenced
7  Notice without further order of the Court, and the United States
8  Marshals Service, or its representatives, shall, without further
9  order of the Court, proceed to take physical possession of the
10 defendant property and its fixtures and may evict any and all
11 persons, pets, livestock, and personal property from the
12 defendant property as it deems necessary or appropriate.  A
13 "filed"-stamped copy of this Consent Judgment accompanied by a
14 "filed"-stamped copy of a Notice of Noncompliance and Forfeiture
15 and/or order of the Court, shall be sufficient to establish the
16 forfeiture of the defendant property.  In the event that the
17 defendant property is forfeited to the government, De La Cuesta
18 agrees that the United States Marshals Service may proceed to
19 sell the defendant property.  Thereafter, the United States
20 Marshals Service, or its representatives, shall promptly proceed
21 to dispose of the defendant property and to distribute any
22 proceeds from the sale in accordance with the law.
23      9.   In the event De La Cuesta becomes the owner of the
24 defendant property, or with the consent of the current owner of
25 the defendant property, or upon court order despite a lack of
26 such consent from the current owner, the United States Marshals
27 Service, or its representatives, shall be allowed to enter the
28 defendant property for purposes of inspection and inventory.

1  Such entry shall be permitted by De La Cuesta at a reasonable
2  time to be agreed upon by the parties.  Absent such agreement,
3  the government may apply to the Court for a writ of entry, in
4  connection with which De La Cuesta may request a hearing, for
5  purposes of protecting the government's interests in the
6  defendant property.
7       10.  This consent judgment shall only be recorded in
8  accordance with the provisions of paragraph 8 above.
9       11.  In consideration of the government's agreement not to
10 pursue De La Cuesta's interest in the defendant property, De La
11 Cuesta shall pay the sum of $100,000.00 to the government not
12 later than 30 days following entry of this consent judgment by
13 the Court.  Such payment shall be made in the form of a
14 cashier's check made payable to the United States Marshals
15 Service, and shall be delivered to Assistant United States
16 Attorney P. Greg Parham, 312 N. Spring Street, 14th Floor, Los
17 Angeles, California 90012.  Said sum is hereby ordered forfeited
18 to the United States of America and no other right, title or
19 interest shall exist therein.  The United States Marshals
20 Service is ordered to dispose of the funds in accordance with
21 law.
22      12.  In consideration of De La Cuesta's agreement to
23 forfeit the above-described funds, the government agrees to
24 forego its attempts to forfeit De La Cuesta's interest in the
25 defendant property in connection with any conduct committed up
26 to and including the date of the filing of this proposed consent
27 judgment except as otherwise provided herein.  The government
28 agrees that if payment is made as provided in paragraph 11, it

7

1 shall execute and record a Withdrawal of *Lis Pendens* with the
2 County Recorder of Orange County within ten days of such
3 payment.
4     13.  Should De La Cuesta fail to make the payment required
5 herein within 30 days following entry of this consent judgment,
6 the government shall acquire a lien against the defendant real
7 property in the sum of $100,000.00.  The government's lien shall
8 include a right of sale, allowing the government to take
9 possession of and sell the defendant property at any time after
10 fifteen days after entry of this consent judgment, unless the
11 parties agree otherwise in writing.  The government shall give
12 written notice to De La Cuesta by letter directed to John
13 Vozenilek, 2271 Pacific Avenue, Costa Mesa, CA 92627,
14 attorneyjohnv@yahoo.com, and Pamela Stewart, Managing Partner,
15 De La Cuesta General Partnership, P.O. Box 704, Lake Forest, CA
16 92609-0704, Pamela Stewart, 851 N. Birch Creek Rd., Corvallis,
17 MT 59828-9549, pamnleon@yahoo.com, thirty (30) days before the
18 government intends to enforce its right of sale of the property.
19 At the conclusion of that thirty day period, any occupants or
20 personal property shall be removed from the property.  The
21 United States Marshals Service is hereby authorized to remove
22 any occupants and/or personal property remaining on the
23 defendant property thirty days after the giving of written
24 notice without further order of this Court.  The United States
25 Marshal Service shall thereafter sell the property.  The
26 proceeds of sale shall be applied as follows, to the extent
27 proceeds are available:
28 ///

    a. First, to the costs incurred by the United States Marshals Service in taking possession of and selling the defendant property;

    b. Second, to the payment due under the terms of this judgment; and

    c. Third, to De La Cuesta.

14. The obligations of De La Cuesta pursuant to this consent judgment, other than the payment by De La Cuesta set forth in paragraph 11, shall terminate and be of no further effect upon the sale or other transfer of ownership of the defendant property to a third party (including the United States Marshals Service), or of the surrender by De La Cuesta of its entire interest in the property.  Additionally, these obligations shall terminate and be of no further effect in the event that the defendant property is forfeited to the government.

15. Except as otherwise set forth in this Consent Judgment and in particular paragraph 8 above, De La Cuesta has released the United States of America, its agencies, agents, and officers, including without limitation employees and other representatives of the Drug Enforcement Administration and Internal Revenue Service, from any and all claims, defenses, actions, or liabilities arising out of or related to this action against the defendant real property, including, without limitation, any and all claims for attorneys' fees, costs, or interest which may be asserted by or on its behalf.

16. The parties shall each bear their own costs and attorneys' fees in this action.

17. The Court shall retain jurisdiction over this matter to enforce the provisions of this Consent Judgment.

18. The Court finds that there was reasonable cause for the initiation of this action, and this Consent Judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

19. All notices and other communications provided for in this Consent Judgment shall be in writing and shall be effective when given on the earliest of the following dates: (i) the date when actually delivered if delivered in person to the recipient; (ii) on the first (1st) business day after depositing such notice with a reputable independent nationally-recognized overnight courier service addressed to the recipient as set forth below; or (iii) on the third (3rd) day after depositing such notice in a sealed envelope in the United States mail, postage prepaid, by registered or certified mail, return receipt requested, addressed to, except as otherwise provided in this Consent Judgment, the recipient at the address set forth below:
To the Government: P. Greg Parham, Assistant U.S. Attorney, Asset Forfeiture Section, 312 N. Spring Street, 14th Floor, Los Angeles, CA 90012.
To De La Cuesta: Pamela Stewart, Managing Partner, De La Cuesta General Partnership, P.O. Box 704, Lake Forest, CA 92609-0704; Pamela Stewart, 851 N. Birch Creek Rd., Corvallis, MT 59828-9549; pamnleon@yahoo.com; John Vozenilek, 2271 Pacific Avenue, Costa Mesa, CA 92627, attorneyjohnv@yahoo.com. Any notice so given by mail shall be deemed to have been given as of the date of delivery (whether accepted or refused) established by the

1  U.S. Post Office return receipt or the overnight courier's proof
2  of delivery, as the case may be.
3
4
5  Dated:  October 24, 2012         *David O. Carter*  _____
6                                    THE HONORABLE DAVID O. CARTER
                                     UNITED STATES DISTRICT JUDGE
7
...
28  **Approved as to form and content:**

```
 1
 2  DATED: October 18, 2012     ANDRÉ BIROTTE JR.
                                United States Attorney
 3                              ROBERT E. DUGDALE
                                Assistant United States Attorney
 4                              Chief, Criminal Division
 5
                                    /s/ P. Greg Parham
 6                              ─────────────────────────────────
                                STEVEN R. WELK
 7                              Assistant United States Attorney
                                Chief, Asset Forfeiture Section
 8                              P. GREG PARHAM
                                Assistant United States Attorney
 9
                                Attorneys for Plaintiff
10                              United States of America
11
    DATED: October 18, 2012        /s/ John Vozenilek
12                              ─────────────────────────────────
                                JOHN VOZENILEK
                                Attorney for Claimant
13                              DE LA CUESTA GENERAL PARTNERSHIP
14
15  DATED: October 18, 2012        /s/ Pamela Stewart
                                ─────────────────────────────────
                                PAMELA STEWART
16                              Managing Partner
                                DE LA CUESTA GENERAL PARTNERSHP
17
18
19
20
21
22
23
24
25
26
27
28
                                     12
```